NAT. BANK OF CHESTER Co. *v.* COM'RS OF CHESTER Co. and others.*

(*Circuit Court, E. D. Pennsylvania.*   October 2, 1882.)

1. CONSTITUTION LAW—STATUTE—SUBJECT EXPRESSED IN TITLE—REPUBLICATION OF ORIGINAL ACT IN AMENDMENT—TAXATION—NATIONAL BANK.

By section 17 of act of June 7, 1879, entitled "An act to provide revenue by taxation," the Pennsylvania legislature enacted that where any banks elected to pay a tax of six-tenths of 1 per cent. on the value of the shares, the shares, capital, and profits of the bank should be exempt from other taxation.   By act of January 10, 1881, entitled "A supplement to an act entitled 'An act to provide revenue by taxation, approved June 7, 1879,'" the portion of the seventeenth section of that act containing the above provisions was re-enacted, with the exception that the exemption from taxation was confined to "so much of the capital and profits of such bank as shall not be invested in real estate."   The whole section was not re-enacted, and there were some immaterial verbal alterations in the part which was set out.   *Held*, that the act of January 10, 1881, did not violate the constitutional provision that no bill should contain more than one subject, which should be clearly expressed in the title.   *Held, further,* that it did not violate a constitutional provision that no law should be amended by reference to the title only, but so much thereof as was amended should be re-enacted and published at length.

2. SAME—REPUGNANCY IN STATUTE.

It appeared that at the time of the passage of the act of 1881 the only national bank property taxable for local purposes was its real estate.   *Held*, that this did not render the act void for repugnancy.

PER BRADLEY, J.   To declare an act of assembly repugnant the repugnancy must appear upon its face, and must be in conflict with the main intent and object of the enactment.

Motion for injunction upon a bill in equity by the National Bank of Chester county, against the commissioners of Chester county, Pennsylvania, setting forth—

(1) That the plaintiff is an association for carrying on the business of banking, duly incorporated under the national bank act of June 3, 1864.

(2) That, under the laws of the state of Pennsylvania, moneyed capital in the hands of individual citizens of said state is exempt from local taxation, and is subject to a state tax of four mills on every dollar of the value thereof, annually, and the shares of state and national banks are taxed at the same rate.

(3) That the act of the legislature of Pennsylvania, approved June 7, 1879, entitled "An act to provide revenue by taxation," in section 17 thereof, provides as follows:   "* * *   In case any bank or savings institution, incorporated by this state, or any national bank, elect to collect annually from the shareholders thereof a tax of six-tenths of 1 per centum upon the par value of all the shares of said bank or savings institution, and pay the same in the state treasury on or before the twentieth day of June in every year, the shares,

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

capital, and profits of such bank shall be exempt from all other taxation under the laws of this commonwealth."

(4) That the supreme court of Pennsylvania decided that, in the case of national banks paying the increased state tax, the exemption secured thereby extends to all local taxation whatever upon the real estate of such bank.

(5) That, shortly after the said decision of the supreme court of Pennsylvania, viz., January 10, 1881, the legislature of Pennsylvania passed a certain other act, entitled "A supplement to an act entitled 'An act to provide revenue by taxation,' approved the seventh day of June, 1879," the third section of which provides as follows:

" Sec. 3. In case any bank or savings institution, incorporated by this state or the United States, shall elect to collect annually from the shareholders thereof a tax of six-tenths of 1 per centum upon the par value of all the shares of said bank or savings institution, and pay the same into the state treasury on or before the first day of March in each year, the shares and *so much of* the capital and profits of such bank *as shall not be invested in real estate*, shall be exempt from all other taxation under the laws of this commonwealth."

(6) That, in February, 1882, the plaintiff paid to the commonwealth of Pennsylvania, for the year 1882, the sum of $1,350, being a tax of six mills upon the par value of all of the shares of the plaintiff's bank.

(7) That the plaintiff owns certain real estate in West Chester, Pennsylvania, on which the defendants have levied local taxes for the year 1882; that the third section of the act of June 10, 1881, is inoperative and void, for the following reasons: *First*, because the title to said act is in conflict with article 3, § 3, of the constitution of Pennsylvania, which provides: "Sec. 3, No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in the title." *Second*, because the third section of said act is in conflict with article 3, § 6, of the constitution of Pennsylvania, which provides as follows: "Sec. 6. No law shall be revived, amended, or the provisions thereof extended or conferred, by reference to the title only, but so much thereof as is revived, amended, extended, or conferred shall be re-enacted and published at length," in this: that said third section materially amends the provisions of section 17 of the act of June 7, 1879, (to which it is a supplement,) and fails to re-enact and publish at length so much of said act of June 7, 1879, as is thereby amended. *Third*, because said third section of the act of June 10, 1881, in so far as it attempts to make the real estate of national banks taxable for local purposes, is inoperative and void for repugnancy, in this: Under the act of congress of June 3, 1864, known as "The National Bank Act," only the shares and real estate of national banks are taxable under the state laws. The shares are not taxable at any higher rate than "moneyed capital of individuals." Moneyed capital of individuals is in Pennsylvania exempt from local taxation, and was so exempt prior to the passage of the said acts of June 7, 1879, and June 10, 1881. At the time of the passage of the act of June 10, 1881, the only national bank property taxable for local purposes was its real estate. The saving clause of the third section of the act of June 10, 1881, excepted from the operation of said act the only property to which the

exemption therein given ·could extend, to-wit, the real estate of national banks. Said exception or saving clause in the said third section of the said act of June 10, 1881, is thus void and inoperative, as being repugnant to the purview of said act.

The bill prayed for an injunction against the defendants from levying taxes for 1882 upon the plaintiff's real estate.

Defendants demurred.

*James W. M. Newlin, Wm. B. Waddell,* and *J. M. Gazzam,* for plaintiff.

*Samuel D. Ramsey* and *Thomas S. Butler,* for county commissioners.

Before BRADLEY, Justice, and BUTLER, D. J.

BRADLEY, Justice, *(orally.)* We have no doubt that the act of assembly of June 10, 1881, is constitutional. The title clearly expresses the purposes of the act; and the old law, as amended, is re-enacted at length in the supplemental act. Nor is the act repugnant. To declare an act of assembly repugnant, the repugnancy must appear upon its face, and must be in conflict with the main intent and object of the enactment. The bill is dismissed.

See *Second Nat. Bank* v. *Caldwell,* 13 FED. REP. 429, and note.